IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WILLIAM C. BLACKFORD

                Petitioner,

    v.

MICHAEL GOWER,

                Respondent.

Civil No. 3:09-cv-00120-AC

FINDINGS AND RECOMMENDATION

BEAR WILNER-NUGENT
714 SW 20th Place
Portland, OR 97205

        Attorney for Petitioner

JOHN R. KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On April 2, 2004, a Washington County grand jury indicted Petitioner on one count of Unlawful Sexual Penetration in the First Degree and four counts of Sexual Abuse in the First Degree. On July 27, 2004, Petitioner pleaded guilty to a lesser included crime of Attempted Unlawful Sexual Penetration in the First Degree. In return, the three counts of Sexual Abuse in the First Degree were dismissed. The parties stipulated to a sentence of 36 months in prison, with 84 months of post-prison supervision. The trial judge imposed the sentence agreed upon by the parties.

Petitioner did not file a direct appeal of his conviction or sentence. Petitioner did file a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed the denial of PCR relief, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Blackford v. Gower*, 222 Or. App. 330, 194 P.3d 193, *rev. denied*, 345 Or. 503, 200 P.3d 147 (2008).

On January 29, 2009, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. Petitioner subsequently filed an Amended Petition for Writ of Habeas Corpus, and one ground for relief remains pending before the Court.[1] Petitioner alleges his conviction is illegal and contrary

---

[1]Petitioner previously moved to voluntarily dismiss the other claim alleged in his Amended Petition. The Court granted that motion on December 8, 2011.

to the Constitution of the United States in that "Petitioner was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments when trial counsel gave [P]etitioner misleading advice about possible and probable sentencing consequences that induced [P]etitioner to enter a guilty plea." Specifically, Petitioner contends trial counsel failed to inform him of the panoply of legal consequences that flow from agreeing to become a convicted felony sex offender.

Respondent argues the PCR court's decision denying relief on Petitioner's claim is entitled to deference because it was not contrary to or an unreasonable application of clearly established federal law.[2] Accordingly, Respondent argues Petitioner is not entitled to habeas corpus relief in this Court.

## LEGAL STANDARDS

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2]Respondent also argues Petitioner procedurally defaulted the grounds for relief alleged to the extent they allege more than ineffective assistance of counsel for failure to properly advise Petitioner concerning sex offender registration. Because Petitioner is not entitled to relief on the merits of his claims, the Court need not reach the procedural default issue. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state"); *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005), *cert. denied*, 546 U.S. 1172 (2006).

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-1402 (2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388. An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U.S. at 413), *cert. denied*, 126 S. Ct. 484 (2005).

A federal court making an "unreasonable application" inquiry should ask whether the state court's application of federal law was objectively unreasonable. *Williams*, 529 U.S. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (internal citations omitted). Instead, "a habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 131 S . Ct. 770, 786 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." *Id* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002). The decision of the state PCR trial court is the basis for review in the instant proceeding.

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (citations omitted). It is well established that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based upon ineffective assistance of counsel. *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under *Strickland*, a petitioner must prove: 1) counsel's performance fell below an objective standard of reasonableness and, 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

For the performance prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Moreover, "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 131 S. Ct. at 1407 (quoting *Strickland*) (internal quotation marks omitted). The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Strickland*, 466 U.S. at 690.

5 - FINDINGS AND RECOMMENDATION -

"To establish *Strickland* prejudice a [petitioner] must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, 132 S. Ct. at 1384-85 (quoting *Strickland*, 466 U.S. at 694). "In the context of pleas a [petitioner] must show the outcome of the plea process would have been different with competent advice." *Id.* (citing *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012) (additional citations omitted). In other words, in order to prevail upon a "claim that ineffective assistance of counsel led to the improvident acceptance of a guilty plea" a petitioner must show "'that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial.'" *Id.*

Finally, a doubly deferential standard of review applies to federal habeas review of ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1420 (2009); *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference under § 2254 and deference under *Strickland*). Petitioner must prove that there is no reasonable argument that counsel satisfied *Strickland's* deferential standard. *Premo v. Moore*, 131 S. Ct. 733, 740 (2011); *Harrington*, 131 S. Ct. at 788.

## DISCUSSION

Petitioner argues counsel provided constitutionally ineffective assistance of counsel because he failed to explain to the Petitioner the panoply of legal consequences that flow from pleading guilty to a crime that required him to register as a sex offender. The PCR trial judge rejected this claim, stating in the Findings of Fact and Conclusions of Law, Order Denying Petitioners [sic] Motion for Post Conviction Relief as follows:

**I find that the plea was made knowingly intelligently, and voluntarily and that the petitioner was not denied his constitutional rights, or right to due process.** The plea petition in the case which is signed by both defendant and his counsel, (Exh. 104) indicates in paragraph 13 that petitioner is aware of the recommended sentence of 36 months prison, 84 months post prison supervision, standard conditions of sex offense, and registration with OSP. These conditions are articulated during the plea itself first by the district attorney, and then by the judge. The judge asks the petitioner if he understands what has been said and if he's satisfied with his attorney, to which petitioner says yes. The judge also makes clear that he will follow the sentence exactly as set out, and gives petitioner time to discuss this with his attorney. After consulting with his attorney, the petitioner says he is prepared to proceed, at which time the court again lays out the sentence agreement, and asks if the petitioner is pleading guilty at least in part because he believes he committed a crime. Petitioner answers yes.

At the time of the sentencing, immediately following the plea, the district attorney recommends the standard conditions for sex offenders, and the requirement that petitioner register as a sex offender. Petitioner's attorney states that he has spoken to petitioner about the registration requirement and post-prison supervision.

Petitioner testified that he read the plea petition prior to the plea, but didn't remember if it said anything about sex offender registration or parol [sic] board sanctions because those were "minor things." His attorney said that sex offender registration was going to the police to register once a year. He states that he was aware that there would be some kind of parol [sic] package, but was not aware of many of the specific conditions until meeting with his post prison supervision officer.

Petitioner states that he felt he had to enter the plea agreement based on the possibility of the Ballot Measure 11 sentence being imposed if he went to trial and lost, he states that his mother encouraged him to take the plea, and he admits that the situation with the victim became non-consensual.

There is no evidence that petitioner entered this plea against his will, rather the evidence shows he was making a difficult choice, but one that was rational under the circumstances.

**Petitioner was not denied effective assistance of counsel. . . .**

Resp. Exh. 114, pp. 1-2 (emphasis in original).

The PCR court's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. First, as the PCR court found, the plea petition signed by Petitioner included the sex offender registration requirement, the requirement was referenced multiple times at the plea hearing, and Petitioner himself testified in a deposition as follows:

> Yeah, Mr. Rice told me that the registration part of it was simple, I mean, you just show up at the police officers' office -- the State Police office once a year and fill out a form . . . ."

Resp. Exh. 110, p. 30. As such, the PCR judge reasonably concluded Petitioner was effectively advised of the registration requirement.

In any event, the Ninth Circuit has held that a defendant need only be advised of the direct, rather than the collateral, consequences of a plea. *United States v. Fry*, 322 F.3d 1198 (9th Cir. 2003). The Oregon Court of Appeals held an attorney is not ineffective for failing to advise a client of the Oregon sex offender registration law because such registration is a collateral consequence. *Rodriguez-Moreno v. State*, 208 Or. App. 659, 145 P.3d 256, 259 (2006), *rev. denied*, 343 Or. 159, 1164 P.3d 1160 (2007). The Ninth Circuit likewise held the Oregon sex offender registration requirement is a "collateral" consequence, albeit in the context of finding a habeas petitioner subject to the registration requirement is not "in custody" for the purposes of 28 U.S.C. § 2254. *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999).

Petitioner argues the Supreme Court held in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), that the distinction between direct and collateral consequences of a guilty plea is illusory. In *Padilla*, the Court held the failure to advise a criminal defendant about the risk of deportation

constitutes ineffective assistance of counsel given the importance of a defendant's ability to remain in the United States. The Court expressly declined to consider whether a distinction between direct and collateral consequences may appropriately be made to "define the scope of constitutionally 'reasonable professional assistance' required under *Strickland*." *Padilla*, 130 S. Ct. at 1481.

The Supreme Court has not held that "the duty to register as a sex offender is so significant a consequence to pleading guilty that counsel must advise a defendant of that requirement in order to meet constitutional norms." *Torres v. Ercole*, Case No. 07 Civ. 8090(RJS)(FM), 2011 WL 5986979, * 15 (S.D. N.Y., Nov. 29, 2011); *see also Rodriguez-Moreno v. Oregon*, Case No. 6:08-cv-00493-TC, 2011 WL l6980829, * 4 (D. Or., Nov. 15, 2011) (finding *Padilla* did not expressly require notice of "collateral" consequence of conviction beyond deportation so notice not required of Oregon sex offender registration requirements). As such, to the extent the PCR court's decision denying relief could be construed as based upon the collateral nature of sex offender registration requirement, it was not contrary to clearly established federal law as determined by the Supreme Court.

Finally, to the extent Petitioner argues that, if trial counsel had properly advised Petitioner about the sex offender registration requirement he would not have entered a guilty plea, Petitioner must still must show that he suffered prejudice, *i.e.*, that but for counsel's errors he would not have entered a plea but would have insisted on going to trial. Here, Petitioner has not convincingly made such a showing.

Petitioner was presented with and signed a plea petition which set forth the crime that he would be pleading guilty to, as well as th terms of his stipulated sentence. The plea agreement

9 - FINDINGS AND RECOMMENDATION -

stated that Petitioner would be sentenced to 36 months of imprisonment and 84 months of post-prison supervision "with standard conditions sex offense, registration OSP." Resp. Exh. 103, p. 2.

At the plea hearing, Petitioner explained he pled guilty to avoid the chance of spending a greater amount of time in prison, as the original charges exposed him to mandatory minimum sentences under Measure 11:

> As you all know, the penalties that come with Measure 11 charges are devastatingly serious. If my wonderful attorney here could guarantee me 90 percent chance of acquittal and 10 percent chance of conviction, those kinds of odds, a 10 percent window of doing a decade or more in prison is just some unfathomable [sic] to me. That's why I believe that we've decided to take this route.

Resp. Exh. 104, p. 17.

Petitioner was facing multiple potential Measure 11 sentences. Pursuant to the plea agreement, he received a sentence of 3 years. Given that disparity, even if Petitioner was not fully advised of the sex offender registration requirement, it is doubtful Petitioner was prejudiced.

## RECOMMENDATION

For these reasons, the Amended Petition for Writ of Habeas Corpus (#19) should be DENIED and a judgment of dismissal should be entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. *See* 28 U.S.C. § 2253(c)(2).

## **SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due December 13, 2012. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 29th day of November, 2012.

John V. Acosta
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION -