UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WILLIAM C. BLACKFORD,

Petitioner,

v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,

Respondent.

Case No. 3:09-cv-00120-AC

ORDER

HAGGERTY, District Judge:

Magistrate Judge Acosta has issued a Findings and Recommendation [46] in this action. The Magistrate Judge recommends that this court deny petitioner's Amended Petition for Writ of Habeas Corpus [19]. Petitioner filed timely objections to the Findings and Recommendation, and the case was referred to this court. For the following reasons, this court adopts the Findings and Recommendation [46] in its entirety.

**STANDARDS**

When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the

1 -- ORDER

Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Unchallenged portions of the Findings and Recommendation will be adopted unless clear error appears on the face of the record. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

## ANALYSIS

The Findings and Recommendation sufficiently summarized the factual history of this matter. This court adopts the Magistrate Judge's factual summary, and will discuss background details only as necessary to this court's ruling.

To establish a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice. *Id.* at 687. For ineffective assistance of counsel claims based on guilty pleas, the Supreme Court requires a petitioner to show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). In this case, the Magistrate Judge found that petitioner had failed to establish both prongs of the ineffective assistance of counsel test. Petitioner objects to these findings.

First, petitioner contends that the Magistrate Judge misapplied *Padilla v. Kentucky*, 559 U.S. \_, 130 S. Ct. 1473 (2010), when it held that trial counsel provided effective assistance even though he failed to advise petitioner of all of the consequences of becoming a convicted sex

2 -- ORDER

offender. Petitioner asserts that *Padilla* abandoned the distinction between advising a defendant of the direct versus collateral consequences of a plea for the purpose of determining whether a defendant's trial counsel provided adequate assistance. Although the Court in *Padilla* noted that it had never applied a distinction between direct and collateral consequences of a plea, it did not abrogate the use of such distinctions. *Id.* at 1481. Rather, the Court explained that it was unnecessary to decide whether a direct versus collateral distinction was appropriate because *Padilla* only dealt with deportation, which is a unique criminal consequence. *Id.* at 1481-82. Accordingly, *Padilla* did not alter federal law that only requires trial counsel to advise a defendant of the direct consequences of a guilty plea. *See United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003) (holding that defense counsel's failure to advise a defendant of the collateral consequences of his plea "is not objectively unreasonable and therefore does not amount to ineffective assistance"). The Magistrate Judge therefore did not err in holding that the post-conviction relief (PCR) court's decision was not contrary to or an unreasonable application of clearly established federal law, to the extent that its denial of relief to petitioner was based on a finding that sex offender registration and other post-prison supervision conditions were collateral consequences. F&R at 9.

In petitioner's second objection, he asserts that the Magistrate Judge made a factual error when he determined that petitioner failed to establish prejudice. Petitioner points to his PCR deposition testimony, and notes that he testified that "I didn't want to take this plea agreement. I wanted to go to trial. And the risk of blowing the trial was so high I felt I was - - I didn't have a choice." Pet.'s Obj. at 4 (citing Ex. 110). Petitioner also testified that if he had known all the

3 -- ORDER

requirements upon a convicted sex offender during and after his post-prison supervision, he "would have considered—or reconsidered accepting the plea." *Id.*

However, in addition to petitioner's post-conviction testimony, the record also shows that petitioner acknowledged during the plea hearing that he was facing several Ballot Measure 11 crimes with mandatory minimum sentences, and explained on the record that he had decided to plead guilty to avoid the risk of being sentenced to over a decade in prison. F&R at 10 (citing Ex. 104). The PCR court found that petitioner decided to enter the plea agreement based on the possibility of the Ballot Measure 11 sentence being imposed if he went to trial, and held that petitioner "was making a difficult choice, but one that was rational under the circumstances." *Id.* at 7. Additionally, as the Magistrate Judge noted, petitioner was advised of the terms of his stipulated sentence and that he would receive eighty-four months of post-prison supervision, with the "standard conditions for sex offenses." *Id.*; *see also* Ex. 103; Ex. 104 p. 13. Although no evidence has been presented that establishes that petitioner was advised of the actual conditions of his post-prison supervision, based on the record as a whole, the Magistrate Judge did not err in finding that the PCR court could have reasonably concluded that petitioner would have accepted the plea even if he knew the full extent of the sex offender conditions. Accordingly, petitioner has not demonstrated that but for trial counsel's errors, a reasonable probability exists that he would not have pleaded guilty and would have insisted on going to trial.

## CONCLUSION

For the reasons provided, the Findings and Recommendation [46] is adopted in its entirety. Petitioner's Amended Petition for Writ of Habeas Corpus [19] is DENIED, and this

4 -- ORDER

case is dismissed. A Certificate of Appealability is unwarranted because petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 22 day of January, 2013.

_____
Ancer L. Haggerty
United States District Judge

5 -- ORDER